United States District Court
For the Central District of Illinois
In the Rock Island Division

| | |
|---|---|
| USA | No. 17-cr-40032 |
| V. | |
| Fredrickson | (Missing Element) |

FILED
JUN 05 2020
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Now comes the defendant Tim Fredrickson in a pro se motion to dismiss, due to a missing element, pursuant to the 5th Amendment and any other authority.

### Standard

"A party may raise an allegation that the indictment does not state an offense **at any time, including post-trial or on appeal**"(US v Anderson, 605 F.3d 404 @411, CA6 (2010)). "An indictment or information does not charge a crime, and a conviction based thereon cannot stand, if there is not set forth in such indictment or information the elements of the offense sought to be charged"(US v Wabaunsee, 528 F.2d 1 @4 CA7 (1975)). "An indictment is sufficient if it, first, contains the elements of the offense charged"(Hamling v US, 418 us 87 @117 (1974)).

### Merits

The element "with the intent that such minor engage in", as stated/located in 18§2251(a), does not appear in the indictment or verdict. As such, the Grand Jury failed to state an offense, and the Trial Jury failed to indicate it found this element beyond a reasonable doubt.

### Argument

The three introductory alternatives of "uses a minor", "has a minor assist", and "transports a minor", all are qualified by the language "with the intent that such minor engage in". Aside from 1) being plainly drafted this way. This is also supported by 2) the drafter's placement of the comma after the transports clause. A comma is notably lacking in the "uses a minor" clause ("coerces any minor to engage in"), which clearly signals that the preceding five verbs *only* go with "any minor to engage in". At the same time, a comma is clearly present after the "transports a minor" clause ("United States, with the intent"), Thus Congress clearly knew how to make the "with intent" element apply exclusively to the "transports a minor" clause, and elected not to. The reason why is simple, the statute produces strange results without it.

The only court to analyze this element, without being directly confronted with this issue, noted a strange outcome in the absence of this element, ie "if the defendant knowingly used or employed a minor to purchase the film on which actual or simulated sexually explicit conduct engaged in *by others* was to be and was depicted"(US v Carroll, 190 F.3d 290 @ftn7, CA5 (1999) Garwood concurring in part).

The remedy is simple: the missing element asserted here. At first it may seem linguistically odd (Any person who uses any minor to engage in, with the intent that such minor engage in, [particular] conduct for a [particular] purpose), but Congress is not writing to please the grammar

Nazi, it's duty is to decide who is criminally culpable. A prosecutor may not omit an inconvenient, but required, state-of-mind. While the element of *purpose* requires that any *photography* be intentional (ie not an accident). The separate element of *intent* requires a but-for cause of the *sexual conduct* leading up to that photography (ie incidental or already occurring sexual conduct is not enough) and negates opportunistic photography of preexisting sexual conduct. cf US v Palomino-Coronado, 805 F.3d 127 @132, CA4 2015 (reversing because defendant merely "engaged in sexual activity with B.H. **and** took a picture").

To be sure, "purpose" also modifies "uses". See US v Torres, 894 F.3d 305 @310, D.C.App. 2018 ("We assume⋯that the Government must show that the purpose of producing a visual image was a defendant's dominant motive for using, inducing, or coercing a minor's sexual conduct" ie the whole point of sexual conduct must have been for photography). Accord US v McGuire 627 f3d 622 @625 CA7 2010 (Judge Posner explaining "purpose" element in dicta). It is tempting to say that "purpose" modifies only "conduct" (cf Torres), and that "intent" only modifies "travel", but such would give "purpose" no practical effect, moreover any conduct the "travel" clause would reach (regardless of intent) would still be criminalized by the "uses" clause. We must remember, Congress is deciding who is criminally culpable, those who *cause* the minor to engage in "*with the intent* that the minor engage in sexually explicit conduct", not those already engaging in it. The tense Congress used further supports this conclusion, in Carroll@297 the Fifth circuit recognized a subtle, but very "important distinction [] between the use of the words 'to engage' in §2251(a) and 'engaging' in §2256(8)(A)". Intent is crucial, one cannot induce someone with the intent that they do something they are *already* doing. Intent is prospective, and fundamentally incompatible with preexisting action. Furthermore, the statute does not criminalize just any "use" but *intentional* use.

In short, did Fredrickson intend the minor to engage in the conduct? or was the minor *already* engaged in the conduct? The jury did not decide because it was not asked to. Without a jury finding of *intent* to *initiate* the conduct, as opposed to merely influencing it's direction (facts that go to the "purpose" element) §2251(a) is not violated. Any other holding would turn the statute into "a strict liability offense"(Torres@313), which the Fourth and Fifth Circuits emphatically rejected.

**Effect Sans-Element**
The missing element does more than just require intent, it also ensures that the minor be part of the sexual conduct. Thus, if the element only applies to the third clause, the "assist" and "uses" clause create odd results, in addition to Judge Garwood's example, sweeping such conduct as:
a) Using a child as a "chick magnet"
b) Telling a child to give the telephone to dad
c) Asking a child to take the camera off the charger and give it to mom
d) Using a child to deliver chocolate on Valentine's Day
e) Using a child to deliver flowers on a birthday
f) Having a minor drive you anywhere
-or in the statutory language:
a) Any person [husband], who has a minor [daughter], deliver chocolate [thereby *assisting* the husband and], any other person [wife], to engage in sexually explicit conduct for the purpose of producing a depiction of such conduct.

b) Any person [single father], who uses his child as a chick magnet [has a minor assist], any other person [observant female], to engage in sexually explicit conduct for the purpose of producing a depiction of such conduct.

c) Any person [paramore1], who has a minor give the telephone [assist], to any other person [paramore2], by which the paramours engage in sexually explicit conduct for the purpose of producing a depiction of such conduct.

d) Any person who has a minor drive [assist], a protestor [any other person], to a #FreeTheNipple civil movement where such protestor intends to join fellow woman in topless protest [sexually explicit conduct] and appear in any news coverage to spread awareness [for the purpose of transmitting a live depiction of such conduct].

## Conclusion

Wherefore, because the statute plainly and on its face includes this element, there is no grammatical barrier to applying this element, and because this crucial element of the offense was not charged, precluding a Jury finding of guilt, the conviction must be vacated.

/s/Timothy Fredrickson

6/5/2020

Exhibit A

```
                          ┌─────────────────┐
                          │  Any person who │
                          └─────────────────┘
                                  │
         ┌────────────────────────┼────────────────────────┐
         ▼                        ▼                        ▼
┌──────────────────┐   ┌──────────────────────┐   ┌──────────────────────┐
│ employs          │   │ Has a minor assist   │   │ Transports any minor │
│ uses             │   │ any other person to  │   │ in or affecting      │
│ persuades →      │   │ engage in            │   │ interstate or foreign│
│ induces  → Any   │   │                      │   │ commerce, or in any  │
│ entices  → minor │   │                      │   │ territory or         │
│ coerces  → to    │   │                      │   │ possession of the    │
│          engage  │   │                      │   │ United States,       │
│          in      │   │                      │   │                      │
└──────────────────┘   └──────────────────────┘   └──────────────────────┘
                                  │
                                  ▼
                     ┌────────────────────────┐
                     │ With the intent that   │
                     │ such minor engage in   │
                     └────────────────────────┘
                                  │
                                  ▼
                     ┌────────────────────────┐
                     │ Sexually explicit      │
                     │ conduct                │
                     └────────────────────────┘
                                  │
                ┌─────────────────┴─────────────────┐
                ▼                                   ▼
┌──────────────────────────┐           ┌──────────────────────────┐
│ For the purpose of       │           │ For the purpose of       │
│ producing any visual     │           │ transmitting a live      │
│ depiction of such conduct│           │ visual depiction of such │
│                          │           │ conduct                  │
└──────────────────────────┘           └──────────────────────────┘
                │                                   │
                └─────────────────┬─────────────────┘
                                  ▼
                     ┌────────────────────────┐
                     │ Shall be punished      │
                     │ under subsection (e) if│
                     └────────────────────────┘
                                  │
         ┌────────────────────────┼────────────────────────┐
         ▼                        ▼                        ▼
┌──────────────────────┐ ┌──────────────────────┐ ┌──────────────────────┐
│ Such person knows or │ │ Such visual depiction│ │ That visual depiction│
│ has reason to know   │ │ has actually been    │ │ was produced or      │
│ that such visual     │ │ transported or       │ │ transmitted using    │
│ depiction will be    │ │ transmitted using any│ │ materials that have  │
│ transported or       │ │ means or facility of │ │ been mailed, shipped,│
│ transmitted using any│ │ interstate or foreign│ │ or transported in or │
│ means or facility of │ │ commerce or in or    │ │ affecting interstate │
│ interstate or foreign│ │ affecting interstate │ │ or foreign commerce  │
│ commerce or in or    │ │ or foreign commerce  │ │ by any means         │
│ affecting interstate │ │ or mailed            │ │                      │
│ or foreign commerce  │ │                      │ │                      │
│ or mailed            │ │                      │ │                      │
└──────────────────────┘ └──────────────────────┘ └──────────────────────┘
```

## Certificate of Service and Declaration of Inmate Filing

I, Tim Fredrickson, a non-attorney and inmate, state under penalty of perjury that I am an inmate confined at _____, and that on this  5th  day of _____ 2020, I served the foregoing _____

Upon:

[ ]   Appellate Clerk of Court, Room 2722
      219 South Dearborn Street
      Chicago, IL. 60604

[ ]   District Clerk of Court, Northern District of Illinois
      219 South Dearborn Street
      Chicago, IL. 60604

[X]   District Clerk of Court, Central District of Illinois
      100 Northeast Monroe, Room 309         [ ] Peoria Division
      Peoria, IL. 61602                      [ ] In care of Rock Island Division

[ ]   Eighth Circuit Court of Appeals Clerk
      111 South 10th Street Room 24.329
      St. Louis, MO. 63102

[ ]   District Clerk of Court
      131 East 4th Street                    [ ] 8th Circuit, Iowa Davenport Division
      Davenport, IA. 52801                   [ ] In care of 7th Circuit, Rock Island Division

[ ]   District Clerk of Court, Southern District of Iowa
      123 East Walnut Street
      Des Moines, IA. 50309

[ ]   Clerk of Court
      The Supreme Court of the United States
      One First Street N.E.
      Washington, D.C. 20543

[ ]   All attorneys of record via the CM/ECF through the Clerk of Court, whereon it is scanned:

By depositing the same in the institution's internal mail system with first-class postage prepaid, after the hours of 5:00 pm.

/s/ Tim Fredrickson
Executed on 6/5/20