IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CR-40032 |
| | ) |
| TIMOTHY B. FREDRICKSON, | ) |
| | ) |
| Defendant. | ) |

FILED
DEC 09 2020
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THE UNITED STATES OF AMERICA'S UNOPPOSED MOTION
TO SEAL AND REDACT TRIAL TRANSCRIPTS**

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby moves this Court for a protective order pursuant to 18 U.S.C. § 3509(d)(3) for the reasons set forth below:

**I. BACKGROUND**

On October 20, 2015, a federal grand jury in the Central District of Illinois charged the defendant with sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e). R. 13. On February 25, 2019, the government filed Motion in Limine No. 6 Concerning Redaction of Identifying Information. R. 80. The requested relief asked the Court to enter an Order, "providing for the removal or redaction of information identifying the defendant's minor victim from the otherwise publicly-available documents generated during the trial of the above-captioned matter." *Id.* On April 18, 2019, the Court granted the unopposed Motion in Limine. d/e 04/18/19, R. 93.

1

On January 21, 2020, the case proceeded to a two-day jury trial. d/e 01/21/2020, 01/22/2020. Throughout the trial, the jury heard evidence that disclosed the name and other information concerning the minor victim pertaining to this case. On July 1, 2020, unredacted transcripts were filed and the release of transcript restriction was set for September 29, 2020. R. 192, 193, 194. The now publicly available transcripts are not in compliance with the relief granted by the Court's ruling on Motion in Limine No. 6. *See* R. 192, 193, 194.

The testimony presented at trial identifies the minor, in violation of Title 18 United States Code, Section 3509(d). Therefore, the United States requests that any publicly available transcript be redacted to keep the minor's identity protected from disclosure.

**II. ARGUMENT**

In order to protect child witnesses who testify in court, Congress enacted Title 18, United States Code, Section 3509. Employees of the government, the defendant and his counsel, members of the jury and employees of this court are to "keep all documents that disclose the name or any other information concerning a child" from dissemination to persons who are not participants in the criminal proceedings. 18 U.S.C. § 3509(d). Section 3509 requires all filings disclosing "the name of or other information concerning a child" to be filed under seal without the necessity of obtaining a court order, 18 U.S.C. § 3509(d)(2), and that papers, such as transcripts, that are to be placed in the public record which disclose "the name of or other information concerning a child" be submitted to the court with the portions disclosing the name or other information concerning a child

redacted. 18 U.S.C. § 3509(d)(2)(B). Section 3509 further provides that any person may move the Court to "issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A). Such an order may provide for any "measures that may be necessary to protect the privacy of the [a] child." 18 U.S.C. § 3509(d)(3)(B)(ii). A "child" is defined as a person who is or alleged to be under the age of 18. 18 U.S.C. § 3509(a).

In the instant case, there was trial testimony regarding an identified minor victim: S.B. Although not a "child" at the time of trial, S.B. was 16 years-old at the time of the offense. The government requests that any information identifying the minor be redacted from the record. In the event that a minor's actual name was used, the government requests that all but the minor's first and last initials be redacted. The government also requests that the unredacted trial transcripts be kept under seal. The undersigned consulted with counsel for Fredrickson, who has no objection to the redaction of the transcripts. Upon the Court's ruling on the instant motion, the government can provide the parties jointly agreed upon redactions.

### III. CONCLUSION

For the reasons set forth above, the government respectfully requests that its motion for protective order under 18 U.S.C. § 3509(d)(3) be granted.

Respectfully submitted,

JOHN C. MILHISER
*United States Attorney*

By: /s/ JENNIFER L. MATHEW
Assistant United States Attorney
Office of the United States Attorney
1830 Second Avenue, Suite 250
Rock Island, Illinois 61201
(309) 793-5884

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be filed with the Clerk of the Court and emailed a copy to defense counsel on December 9, 2020.

s/Jennifer L. Mathew
Jennifer L. Mathew
Assistant United States Attorney