In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-2051

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee*,

v.

TIMOTHY B. FREDRICKSON,

                *Defendant-Appellant*.

_____

Appeal from the United States District Court for the
Central District of Illinois.
No. 17-CR-40032 — **Michael M. Mihm**, *Judge*.

_____

ARGUED FEBRUARY 18, 2021 — DECIDED MAY 12, 2021

_____

Before BRENNAN, SCUDDER, and KIRSCH, *Circuit Judges*.

BRENNAN, *Circuit Judge*. The First Amendment does not protect child pornography. In challenging his conviction for inducing sexually explicit videos from a minor, Timothy Fredrickson asks us to reconsider this well-established principle. He contends that because he could have lawfully watched the minor where she recorded the videos (Illinois) and where he received them (Iowa), the First Amendment shields him from prosecution under 18 U.S.C. § 2251(a). But

child pornography's exclusion from the First Amendment's protection does not hinge on state law, so we affirm Fredrickson's conviction.

I

In December 2016, S.B.,[1] a sixteen-year-old girl from Illinois, began chatting on the internet with Fredrickson, a twenty-seven-year-old man from Iowa. Over the next two months, S.B. and Fredrickson communicated through social media, including Whisper, Snapchat, and Facebook. Eventually their conversations turned sexually explicit, with S.B., at Fredrickson's request, sending him images and videos of her. When Fredrickson sent flowers to S.B.'s high school in February 2017, her mother became suspicious and discovered the relationship, later contacting police. A search of Fredrickson's cell phone revealed he had been recording the videos and saving the images S.B. had sent him via Snapchat. Fredrickson possessed at least fifteen sexually explicit videos of S.B. on his phone.

A federal grand jury indicted Fredrickson for sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), which provides in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in … any sexually explicit conduct for the purpose of producing any visual depiction of such conduct … shall be punished … if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or

---

[1] We continue the district court's practice of identifying the minor by her initials.

> transported in or affecting interstate or foreign commerce by any means … .

18 U.S.C. § 2251(a); *see also* 18 U.S.C. § 2256(1) (defining a "minor" as "any person under the age of eighteen years"). Fredrickson moved to dismiss the indictment, citing Illinois and Iowa state laws. To him, the First Amendment's lack of protection for child pornography depended on the material depicting child sex abuse. S.B.'s videos, in contrast, showed conduct that he could have lawfully viewed in person within either state. So, Fredrickson argued, § 2251(a) criminalized protected expressive speech. After a brief hearing, the district court orally denied his motion and ruled there was no First Amendment defense to the prosecution. A jury found Fredrickson guilty, and the district court sentenced him to 200 months' imprisonment.

## II

On appeal Fredrickson renews his argument from the district court: § 2251(a) is unconstitutionally overbroad. Under First Amendment overbreadth doctrine, "a statute is facially invalid if it prohibits a substantial amount of protected speech." *United States v. Williams*, 553 U.S. 285, 292 (2008). And "[t]he overbreadth claimant bears the burden of demonstrating, from the text of the law and from actual fact, that substantial overbreadth exists." *Virginia v. Hicks*, 539 U.S. 113, 122 (2003) (internal quotation marks and alteration, omitted); *see United States v. Bonin*, 932 F.3d 523, 537 (7th Cir. 2019) (same), *cert. denied*, 140 S. Ct. 960 (2020). We review de novo this constitutional challenge to a statute. *United States v. Burrows*, 905 F.3d 1061, 1063 (7th Cir. 2018).

Supreme Court precedent presents a problem for Fredrickson's argument, however. The First Amendment provides that "Congress shall make no law … abridging the freedom of speech." Yet in *New York v. Ferber*, the Court held that child pornography was categorically unprotected under the First Amendment. 458 U.S. 747, 763 (1982) ("Recognizing and classifying child pornography as a category of material outside the protection of the First Amendment is not, [sic] incompatible with our earlier decisions."); *see also Chaplinsky v. New Hampshire*, 315 U.S. 568, 571–72 (1942) ("There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which ha[ve] never been thought to raise any Constitutional problem." (footnote omitted)). Since *Ferber*, the Court has upheld the constitutionality of statutes criminalizing child pornography's possession under Ohio law, *Osborne v. Ohio*, 495 U.S. 103, 108–22 (1990), and its solicitation under federal law, *Williams*, 553 U.S. at 288, 297–304. Only virtual child pornography has retained First Amendment protection because it "is not 'intrinsically related' to the sexual abuse of children, as were the materials in *Ferber*." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 250 (2002) (quoting *Ferber*, 458 U.S. at 759). This precedent is prologue to any constitutional challenge, as here, to the criminalization of child pornography.

Despite all this, Fredrickson insists that his conviction under § 2251(a) contravenes the First Amendment. He reads the post-*Ferber* caselaw—specifically, *United States v. Stevens*, 559 U.S. 460, 471 (2010), and *Free Speech Coal.*, 535 U.S. 234 at 250—as conditioning the lack of constitutional protection for child pornography on the criminality of the substantive conduct depicted. True, *Stevens* noted that "*Ferber* presented a special case" under the First Amendment as "[t]he market for child

pornography was 'intrinsically related' to the underlying abuse, and was therefore 'an integral part of the production of such materials, an activity illegal throughout the Nation.'" *Stevens*, 559 U.S. at 471 (quoting *Ferber*, 458 U.S. at 759, 761). And as discussed, virtual child pornography receives First Amendment protection, according to *Free Speech Coalition*: "In contrast to the speech in *Ferber*," virtual child pornography "records no crime and creates no victims by its production." *Free Speech Coal.*, 535 U.S. at 250. For Fredrickson, S.B.'s videos did not depict child abuse, so *Stevens* and *Free Speech Coalition* protect him from prosecution under § 2251(a).

But this position misunderstands both cases and their relation to *Ferber*. *Stevens* concerned a First Amendment challenge to a statute, 18 U.S.C. § 48, that "criminalize[d] the commercial creation, sale, or possession of certain depictions of animal cruelty." 559 U.S. at 464. So when "the Court mentioned child pornography" in *Stevens*, "it did so only in passing and then only to reject an analogy between it and depictions of animal cruelty and to decline the government's invitation to recognize the latter as a new category of unprotected speech." *United States v. Price*, 775 F.3d 828, 838 (7th Cir. 2014). In other words, "*Stevens* did not suddenly confer First Amendment protection on *some* child pornography—i.e., pornographic images that stop short of depicting illegal child abuse." *Id.* at 839. Because *Stevens* involved animal cruelty videos and not child pornography, Fredrickson's gloss on *Ferber* "was not likely to be hidden" within that decision. *Id.* We rejected Fredrickson's argument in *Price,* and we do the same here.

Fredrickson's reliance on *Free Speech Coalition* is similarly flawed. There, the Court confronted the constitutionality of

6                                                              No. 20-2051

the Child Pornography Prevention Act, 18 U.S.C. § 2251 *et seq.*, which "extend[ed] the federal prohibition against child pornography to sexually explicit images that appear to depict minors but were produced without using any real children." *Free Speech Coal.*, 525 U.S. at 239. In describing the relevant precedent, the Court stated that "under *Ferber*, pornography showing *minors* can be proscribed whether or not the images are obscene[.]" *Id.* at 240 (emphasis added). Taken on its own terms, *Ferber* did not limit its definition of child pornography to depictions of minors only under the age of sixteen. Instead it cited several state statutes setting the age of a minor at under seventeen or eighteen. 458 U.S. at 764 n.17. *Free Speech Coalition*'s description of *Ferber* was—and remains—accurate. *See Free Speech Coal.*, 535 U.S. at 240, 249–51.

To be sure, *Free Speech Coalition* treated virtual child pornography differently. 535 U.S. at 250. But it did so based on the lack of a sufficient causal connection between the virtual images and the actual harm to minors. *Id.* So *Free Speech Coalition* may have distinguished *Ferber* but did not undermine it. Unlike the virtual child pornography in *Free Speech Coalition*, the harm to S.B. from Fredrickson's inducement of sexually explicit videos "necessarily follow[ed] from the speech." 535 U.S. 234 at 250. As recognized in *Ferber*, these depictions "are a permanent record" of S.B.'s victimization, 458 U.S. at 759, a reality she reiterated during her victim impact statement at sentencing. Her consent, then, makes no difference. "Congress may legitimately conclude that even a willing or deceitful minor is entitled to governmental protection from 'self-destructive decisions' that would expose him or her to the harms of child pornography." *United States v. Fletcher*, 634 F.3d 395, 403 (7th Cir. 2011). Neither *Stevens* nor *Free Speech Coalition* created an exception to the rule of *Ferber* that child

pornography is not protected under the First Amendment. We decline to do so as well.

Section 2251(a) is constitutionally valid. From the moment Fredrickson persuaded S.B. to record and send him sexually explicit videos, he committed a federal crime—one "fully proscribable" under the Constitution. *Price*, 775 F.3d at 839. Under the First Amendment, § 2251(a) suffers from no overbreadth problem because child pornography enjoys no constitutional protection.

AFFIRMED