UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-40032 |
| ) | |
| TIMOTHY BRANDON FREDRICKSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Timothy Brandon Fredrickson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 224. For the reasons set forth below, Defendant's Motion is DENIED.

### BACKGROUND

On January 22, 2020, a jury found Defendant guilty of Sexual Exploitation of a Child as alleged in the Indictment. ECF No. 154. The Court sentenced him to 200 months in prison followed by 10 years of supervised release for his violation of 18 U.S.C. § 2251(a) and (e). ECF No. 183. Defendant appealed, arguing that communication of images of a child engaged in sexually explicit conduct is protected expressive speech under the First Amendment. ECF No. 188. The Seventh Circuit affirmed the district court's judgment and denied Defendant's petition for rehearing. *United States v. Fredrickson*, 996 F.3d 821 (7th Cir. 2021); ECF No. 202. The Government represents that Defendant's projected release date from the Bureau of Prisons ("BOP") is June 25, 2031. ECF No. 227 at 4.

Defendant filed his First Motion for Compassionate Release on January 18, 2022. The Court appointed the Federal Public Defender to represent him for that motion. (d/e 1/18/2022). On

January 19, 2022, counsel field a Notice of Intent Not to File Amended Motion for Sentence Reduction due to the thoroughness of Defendant's Motion. ECF No. 208. The Court denied Defendant's motion on February 16, 2022. The Court determined that Petitioner had exhausted his administrative remedies. However, the Court determined that the disruption from COVID-19 nearly two years into the pandemic did not create "extraordinary and compelling reasons" to warrant compassionate release. ECF No. 214. The Court further observed that Defendant refused the vaccine and did not have any medical conditions that increase his risk of experiencing severe COVID symptoms. *Id*. at 5. Defendant filed a pro se appeal that is currently pending before the Seventh Circuit. ECF Nos. 217; 220.

Petitioner filed his second Motion for Compassionate Release on June 27, 2022. He complains that the prison is not doing enough to prevent the spread of COVID. ECF No. 224. He further asserts that he is exercising his constitutional rights to Free Exercise of Religion and Free Speech to be remain unvaccinated, and that it is unfair to penalize him for doing so. *Id*. at 3. He also complains about the restrictions placed upon him because he has been categorized as having committed a crime of violence.

**LEGAL STANDARD**

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

The Government's Response properly invoked Defendant's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement. The Seventh Circuit has made clear that the exhaustion requirement "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked." *United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021). The Government explains that although Defendant made several administrative requests to modify his custody classification, he did not provide a record of any requests for compassionate release. ECF No. 227 at 9. The

Government further represents that the BOP confirmed Defendant did not file any Compassionate Release Reduction in Sentence Requests. *Id*. Defendant has not provided any evidence that he presented his compassionate release request to the BOP as the law requires. As a result, this Court finds that Defendant has failed to establish that he properly exhausted administrative remedies prior to filing his Motions for Compassionate Release. *See Sanford*, 986 F.3d at 782; *United States v. Williams*, 987 F.3d 700, 702-03 (7th Cir. 2020).

The Court further observes that at least some of Defendant's arguments are a response to the Court's February order denying his initial Motion for Compassionate Release. *See* ECF No. 214. Defendant appealed that order, and his appeal is pending before the Seventh Circuit. It is not appropriate for Defendant to attempt to rehash any of those arguments now and Defendant has not otherwise provided an extraordinary and compelling reason that would entitle him to release.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [224] is DENIED WITHOUT PREJUDICE. Defendant's Motion to Appoint Counsel to Assist with Discovery [231] is also DENIED.

ENTERED this 15th day of September, 2022.

                                                          s/ Michael M. Mihm
                                                          Michael M. Mihm
                                                          United States District Court Judge