United States District Court
Central District of Illinois

Timothy Fredrickson,
Petitioner

v

No. 22-cv-04154

Warden Rivers,
Respondant

FILED
NOV - 7 2022
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MOTION TO RECUSE TRIAL JUDGE

Now comes the petitioner, Fredrickson, respectfully requesting that the Honorable Judge Michael Mihm recuse for all proceedings relating to this collateral motion under 28 §2255 to vacate or set aside the conviction of which he presided, and in support states as follows:

1) The underlying action includes an overbreadth challenge, upon which the currently assigned judge has already ruled.

2) The underlying action includes a challenge to the currently assigned judge's findings under the speedy trial act, as well as the motion to dismiss based upon the same.

3) Numerous rulings, both pre-trial, and at trial, are challenged in this action.

4) Circuit precedent dictates that a petitioner is entitled to have his Habeas Corpus petition heard by a judge who has not participated in his conviction.

Argument

The Seventh Circuit has already held that defendants have a per se right not to have thier petition heard by a federal judge who was on a prior occasion at the state-level the judge who prosided over the state trial. It is also well established that an appeals judge cannot hear the appeal of the case over which he presided in the district court. If this circuit has not already so held, Fredrickson asks that this court extend the holding in Weddington v Zatecky, 721 F.3d 456 (CA7 2013) from §2254 to §2255. In Zatecky the court stated as follows:

> It is important to a litigant and to the fairness and public reputation of judicial proceedings that review of a case be conducted by 'a judge other than the judge who presided over the sase at trial'. cite. Indeed, 28 usc §47 provides: 'No judge shall hear or determine an appeal from the decision of a case or issue tried by him'. This statute is not strictly applicable here because it applies to appeals, not federal habeas petitions. But the habeas petition is similar to appellate review. In a federal habeas action, the petitioner has 'the opportunity to have a federal court review the state proceedings for constitutional infirmities. In this respect, there is no reason why the same rules governing independance, conflict of interest, or appearance of partiality should not apply'.

Zatecky @461. Whether direct appeal, federal review of a state-court (28§2254) or federal review of a federal trial-court (28§2255); the concept is identical. The court should not try to split hairs depending on what is on collateral review, and cannot do so without undermining a long line of wise precedent. For example, this circuit went on to state:

> [In Clemmons t]he court found that the district judge's failure to recuse 'has created an appearance of impropriety that runs the risk of undermining the public's confidence in the judicial process'. cite. Clemmons established a broad rule requiring that each federal district judge 'recuse himself or herself from participating in a 28 §2254 habeas corpus petition of a defendant raising any issue concerning the trial or conviction over which the judge presided in his or her former capacity as a state court judge'. cite. Similarly, in Russell [v Lane, 890 F.2d 947 (CA7 1989)], we concluded that the petitioner 'was entitled to have his habeas corpus petition heard by a judge who hasd not participated in his conviction'.

ID. Fredrickson respectfully requests that this motion be reffered to another judge for disposition.

## Conclusion

Because the Honorable Michael Mihm presided over the very case now on collateral review, a voluntary recusal is appropriate, and in the alternative the above line of precedent should be extended to all forms of collateral review if such is not already current law.

Respectfully Submitted,

/s/ Tim Fru

October 24 2022

Tim Fredrickson # 22005-026
PO Box 9000
Seagoville Texas 75159
FCI Seagoville

NORTH TEXAS TX P&DC
DALLAS TX 750
1 NOV 2022 PM 5 L

Clerk of Court
100 North East Monroe Street
Peoria Illinois 61602

61602-100399