E-FILED
Friday, 18 November, 2022 2:37:16 PM
Clerk, U.S. District Court, ILCD

FILED
NOV 18 2022
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United States District Court
Central District of Illinois

United States

v

Timothy Fredrickson

No. 17-cr-40032
(Rule 33 Motion for new trial)

Now comes the Defendant, Fredrickson, who respectfully moves the court for a new trial pursuant to Federal Rule of Criminal Procedure 33, and in support states as follows:

1) Fredrickson requests that the public defender's office be appionted in this matter. See Kitchen v US, 227 F.3d 1014 @1019 (CA7 2000) (a defendant "ha[s] a right to counsel in prosecuting such a [Rule 33] motion and in taking an appeal from it's denial").

2) The time-of-day that the Scott County Judge of Iowa authorized the warrant is "newly discovered evidence" for purposes of Rule 33, that Fredrickson did not have prior to trial.

3) Comparing the time that the warrant was authorized with the time the search was completed by officers, conclusively demonstrates that a warrantless search had occurred; Where such search would have culminated in suppression by pretrial motion and no evidence at trial.

4) Fredrickson diligently sought this document in particular, including but not limited to
   a) Filing a request to view discovery [Dkt 91]
   b) Filing a second request to view discovery [Dkt 99]
   c) Filing a FOIA request for this particular document while arguing for presumptive public access, where such FOIA was sent to
      i) The Scott County Courthouse
      ii) The Iowa Federal Courthouse [Dkt 119]
      iii) The FOIA forwarding service in Washington DC
      iv) The Iowa Federal courthouse again, with explicit instructions not to file it on the criminal docket because a FOIA is not a motion.
   d) A Federal Civil-Rights action seeking an injunction and declaratory relief [19-04127]
   e) A strategic lawsuit drafted in such a way that the only way for the defendants to previal was to include the requested documents, where such defendants delayed until after the criminal trial. [19-04041]

5) Alternatively, recently discovered evidence of the ineffectiveness of counsel is "new evidence" within the meaning of Rule 33, where counsel should have sought these documents and filed a motion to supress based thereon.

### Post-Trial aquisition of the warrant application is Rule 33 new evidence

Because Fredrickson can demonstrate that the document was only obtained after the trial had taken place, the document is newly discovered within the meaning of Rule 33. The Rule 33 motion is also timely because it was filed on 11/7/2022, which is within 3-years of trial (1/22/2020) as required by Rule 33.

<u>Rule 33's inclusion of new evidence of counsel's ineffectiveness</u>

Rule 33 permits a narrow class of ineffective assistence of counsel claims based on evidence that existed at the time of trial, as long as the evidence itself[2] is what was discovered[3] after trial. See eg <u>US v Kladouris, 739 F.Supp. 1221 @1126 (N.D.IL 1990)</u> (granting a Rule 33 new trial based on the newly discovered evidence of trial counsel's ineffective assistance after noting that "The Seventh Circuit ••• has not closed that door entirely").

<u>Conclusion</u>

Because the warrant application was not discovered until after trial, and it contained evidence that would have resulted in a radically different trial —namely one without any evidence; A new trial should be granted which neccesarily includes a pretrial period where the motion to suppress would be filed.

Alternatively, given the document's existence, it was objectively unreasonable for counsel to not examinex seek out and examine it, and subj not the result of any valid trial strategy to forego such a pivital motion. The newly discovered evidence thatk of trial cousel's ineffectiveness is simotaneously layeded upon, and independant of, the newly discovered document, because even if the document had been discovered, (by counsel), Fredrickson was unaware of the document and any theoretical decision to forego a motion based thereon.

/S/ Tim Fun/
11/7/2022

Footnotes

i 2) As opposed tp merely realizing the fact's legal implications. See US v Torres, 115 F.3d 1033 @1035 (DCApp 1997) ("evidence of ineffective assistance of counsel known to but unappreciated by the defendant at the time of trial <u>does not</u> constitute newly discovered evidence").

3) Timing of the discovery of the fact itself is a crucial inquirey. See US v Thiel, 888 F.2d 1532 @1533 (CA7 1989) ("the facts alledged in support of a motion for a new trial were within the defendant's knowledge at the time of trial"); See also US v Johnson, 12 F.3d 1540 @1548 (CA10 1993) (reaffirming availibility of Rule 33 for IAC claims).

Name _Tim Fredrickson_
Reg. No. _22005-026_
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, TX 75159-9000



NORTH TEXAS TX P&DC
DALLAS TX 750
14 NOV 2022 PM 8 L

⇔22005-026⇔
District Clerk Of Court Cdip
Central District of
Illinois -Peoria Division
100 Northeast Monroe Street
Peoria Illinois. 61602 -

61602-100399