UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal Case No. 17cr40032 |
| TIMOTHY BRANDON FREDRICKSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on the Government's Motion to Dismiss Defendant's § 2255 Petition. (ECF No. 244). For the reasons stated below, the Government's Motion is DENIED and the Government is granted the opportunity to respond to Defendant's petition.

## PROCEDURAL HISTORY

On January 22, 2020, a jury found Defendant guilty of Sexual Exploitation of a Child as alleged in the Indictment. ECF No. 154. His conduct involved soliciting and receiving sexually explicit videos from a sixteen-year-old whom he met online. ECF No. 248-1. The Court sentenced him to 200 months in prison followed by 10 years of supervised release for his violation of 18 U.S.C. § 2251(a) and (e). ECF No. 183. Defendant appealed, arguing that communication of images of a child engaged in sexually explicit conduct is protected expressive speech under the First Amendment. ECF No. 188. The Seventh Circuit affirmed the district court's judgment and then denied Defendant's later motion for rehearing. *United States v. Fredrickson*, 996 F.3d 821 (7th Cir. 2021); ECF No. 202. The Supreme Court similarly denied Defendant's writ of certiorari and petition for a rehearing. *Fredrickson v. U.S.*, 211 L. Ed. 2d 206 (Oct. 12, 2021), *reh'g denied*, 211 L. Ed. 2d 531 (Jan. 10, 2022).

## ANALYSIS

Defendant filed a § 2255 petition arguing that his trial was unfair, and his attorney was ineffective. The Government has filed a motion arguing that Defendant's motion is untimely because his writ of certiorari was denied on October 12, 2021, making his judgment final on that date, starting the one-year statute of limitation. *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (7th Cr. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)) (finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000) (order denying certiorari is effective at the time of its entry by the Supreme Court and a defendant's judgment of conviction is final). The Government argues that since his motion was not received until October 18, 2022, his petition is untimely.

> Indeed, Section 2255 contains a one-year statute of limitations that runs from the following:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). While Defendant appears to disagree with the Government's assertion of when the statute of limitations began to run, he argues that even assuming the Government is correct, he mailed his petition well in advance of the deadline. He includes a declaration stating

that he deposited his petition in the prison institution's mailing system on October 5, 2022 after 5:00 p.m. Courts generally deem a pro se inmate's petition filed when the inmate delivers the filing to the prison official for mailing to the court. *See Houston v. Lack*, 487 U.S. 266. 276, (1988); *Jones v. Bertrand*, 171 F.3d 499. 500 (7th Cir. 1999); *Ray v. Clements*, 700 F.3d 993 (7th Cir. 2012). Here, Defendant has filed a declaration stating that he placed his petition in the mailbox a week before the deadline. Defendant further notes that there was a federal holiday a few days after he placed his item in the prison mail system. It seems reasonable that it might take 12 days for a piece of mail to arrive after it was placed in the prison mail system, particularly given that there was a federal holiday in that timeframe.

Since Defendant makes some evidentiary showing that he filed his petition within the statute of limitations, the burden shifts to the government to prove the statute of limitations has run. *Ray*, 700 F.3d at 1008. The Government did not file a reply after receiving Defendant's response and there was nothing in the Government's original motion that conclusively established that Defendant was late in placing his mail in the prison mail system. Accordingly, the Court cannot find that this petition was late.

The Government asks for the opportunity to respond to the merits of the petition if the Court denies this motion. The Court notes that Defendant appears to be rehashing issues that the Seventh Circuit already addressed in Defendant's direct appeal, which is generally not a basis for collateral relief. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 719-20 (7th Cir. 1994) (a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal,

3

absent a showing of cause for the default and actual prejudice from the failure to appeal). However, the Court would find a response from the Government helpful on the other matters Defendant raised and the Government requested the opportunity to respond.

Accordingly, the Government is ORDERED that its Motion to Dismiss Writ of Habeas Corpus Section 2255 [244] is DENIED and the Government has twenty-one (21) days after service of this Order, to respond why said writ should not be granted.

After the Government has filed its response, Defendant is ordered to file any traverse or reply to the response within twenty-one (21) days after service of said response on him. The Court admonishes Defendant that a failure to reply to the response pursuant to 28 U.S.C. § 2248 will cause the Court to take the allegations in the response to the Writ of Habeas Corpus as true except to the extent that the Judge finds from the evidence that they are not true.

IT IS ORDERED that the Clerk of the Court shall serve Defendant with a copy of the Petition and this Order.

IT IS FURTHER ORDERED that Defendant immediately notify the Court of any change in his mailing address. Failure to notify the Court of any change in mailing address will result in dismissal of this lawsuit, with prejudice.

ENTERED this 2nd day of May, 2023.

       /s/ Michael M. Mihm
      Michael M. Mihm
      United States District Judge